| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Timothy P. Neumann, Esq. [TN6429]<br>Broege, Neumann, Fischer & Shaver, LLC<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>(732) 223-8484<br><br>*Attorneys For Debtor/Debtor in Possession* | |
| In Re:<br><br>RONALD RASLOWSKY<br><br>  Debtor**.** | Case No.:  **16-13754**<br><br>Chapter 11<br><br>Judge:  Kathryn C. Ferguson |
| RONALD RASLOWSKY,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARIA GALETI,<br><br>  Defendant. | Adv. Pro. No. |

### COMPLAINT TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. 363(h)

Plaintiff, Ronald Raslowsky, by way of complaint against the defendant, Maris Galeti, hereby states:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E).

3.      Venue is properly in this court pursuant to 28 U.S.C. §§1408, 1409.

## PARTIES

4. The plaintiff is a Debtor under Chapter 11 of 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**"), having filed a voluntary petition thereunder on March 1, 2016 (the "**Petition Date**").

5. No trustee has been appointed and the Plaintiff is a debtor-in-possession vested with the powers of a trustee pursuant to § 1107 of the Bankruptcy Code.

6. Defendant, Maria Geleti, is the former spouse of the Plaintiff, having been married to Plaintiff on November 1, 1988, and divorced on August 21, 2014.

## CAUSE OF ACTION

7. By virtue of a deed made on February 2, 2006 by and between Prima Builders, Inc., as grantor, and Ron and Maria Raslowsky, as grantees, recorded in the Office of the Ocean County Clerk on February 8, 2006 in Book 13034 at Page 1133, Plaintiff and Defendant became the owners as tenants by the entirety of real property known as Lot No. 1.06 in Block 156 on the tax map of the Township of Dover (Toms River), County of Ocean and State of New Jersey, also known as 2226 Ponybrook Way, Toms River, NJ 08753 (the "**Subject Property**").

8. Upon their divorce, the Subject Property became owned by Plaintiff and Defendant as tenants in common, and was so owned on the Petition Date.

9. The Debtor, in the exercise of his business judgment, has determined that the sale of the Subject Property would be in the best interests of the estate and assist in the formulation and funding of a plan of reorganization.

10. A sale of assets outside the ordinary course of business is a matter within the Bankruptcy Court's discretion, giving due consideration to the sound business judgment of the proponent of the sale[1].

11. Section 363(h) of the Bankruptcy Code (11 U.S.C. 3363(h)) states:

  Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
  (1) partition in kind of such property among the estate and such co-owners is impracticable;
  (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
  (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
  (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

12. The Subject Property is a single-family residence and partition in kind is not practical.

13. A sale of the estate's undivided interest in the Subject Property would realize far less than a sale of the entire property free and clear of the interests of defendant.

14. The benefit to the estate of a sale of the Subject Property free of the interests of co-owners outweighs the detriment, if any, to Defendant for the following reasons:

  a) Defendant does not reside at the Subject Property.

  b) The Subject Property is vacant and subject to a greater risk of vandalism or casualty.

---

[1] *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983). Courts should be flexible, and not restrictive, in accepting the propriety of asset disposition via a Section 363 sale. *Official Comm. of Unsecured Creditors v. Cajun Electric Power Coop., Inc. (In re Cajun Electric Power Coop. Inc.)*, 119 F.3d 349 (5th Cir. 1997)

    c) The Subject Property was about to be auctioned by the Ocean County Sheriff as of the Petition Date and would have been lost as an asset had the Plaintiff not filed his Chapter 11 petition.

    d) The Subject Property is worth substantially more than the sum total of the liens encumbering it.

15. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE** the Debtor prays that the Court enter judgment against defendant Maria Galeti as follows:

16. Ordering that the Subject Property, including the interest of defendant Maria Galeti, be sold free and clear of the undivided interest of said defendant; interest.

17. Ordering that the net proceeds of sale of both the estate's interest and the interest of defendant Maris Galeti be held in the trust account of the Debtor's attorney pending further order of the Court or confirmation of a plan pursuant to 11 U.S.C. 1129; and

18. For such other and further relief as the Court deems appropriate.

                              Broege, Neumann, Fischer & Shaver, LLC
                              Attorneys for Plaintiff


                              BY:   */s/ Timothy P. Neumann*
                                  TIMOTHY P. NEUMANN

Dated: April 4, 2016